E-FILED
Friday, 07 November, 2014  02:27:39 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACOB EMMANUEL CHRIST'S, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 14-cv-2271-SEM-TSH |
| ROBERT AGOSTINELLI, | ) ) ) | |
| et al., | ) ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, formerly in the custody of the Illinois Department of Corrections, and currently out on mandatory supervised release, proceeds pro se in this case. Plaintiff has filed § 1983 claims and has alleged prosecutorial misconduct which is reviewed under *Brady v. Maryland,* 373 U.S. 83, 91(1983). Plaintiff's complaint names defendants who likely have the defenses of complete or qualified immunity available to them. They are Judge Daniel Gould; Kankakee County Assistant State's Attorney, Joseph Anthony; Bradley Police Department Detective, Steve Coy;

Public Defender, Ronal Gerts; Appellate Defender, Robert Agostinelli and Attorney Jay Wiegman. Plaintiff alleges that the various defendants caused him to be wrongfully convicted of murder at the time of his 2/29/1996 jury trial.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is currently on mandatory supervised release after having been incarcerated almost 20 years on the murder conviction. The complaint concerns the time period from his 10/4/1993 arrest through his 11/7/1996 unsuccessful appeal. Plaintiff claims that he was wrongfully convicted and seeks money damages, reversal of his conviction and expungement of his record. Plaintiff alleges that

defendants deprived him of: his rights to a speedy trial, effective assistance of counsel, the right to offer exculpatory evidence, right to due process, right to equal protection, and: that evidence against him was seized without a warrant, that his Honda automobile was wrongfully seized, that he had been unconstitutionally held at Chester Mental Health Center as unfit to stand trial, and that the defendants produced or allowed false evidence at the time of trial.

He also alleges, without any particulars, that he was beaten while at Chester Mental Health Center and that he has glass in his foot and has been denied surgery.  Plaintiff's claims which potentially implicate First, Fourth, Eighth, and Fourteenth Amendment rights, fail as they are barred under the *Rooker-Feldman* Doctrine[1], the Rule of *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), and are well outside the applicable Illinois state law statute of limitations.  735 ILCS 5/13-202.

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923);  Dist. of Columbia Court of Appeals v. Feldman 460 U.S. 462 (1983).

## ANALYSIS

The subject-matter jurisdiction of the lower federal courts is limited by the *Rooker-Feldman* Doctrine[2]. Under *Rooker-Feldman,* a district court lacks jurisdiction to review a state court judgment except to the extent authorized in a habeas action under 28 U.S.C. § 2254. *See Hadley v. Quinn*, 524 Fed.App'x. 290, 293 (7th Cir. 2013), (finding Rooker-Feldman barred district court's review of Plaintiff's state court murder conviction), quoting *Pennzoil Co. v. Texaco, Inc.* 481 United States 1, 25 (1987), ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.")

In addition to *Rooker-Feldman*, Plaintiff has the additional impediment of the rule articulated in *Heck v. Humphrey,* 512 U.S. 477, 487, (1994). Under *Heck,* a claim for damages may not be pursued if the claim's success would necessarily imply the invalidity of a criminal conviction or sentence. This is so unless the sentence has been reversed on direct appeal, expunged by executive

---

[2] "Except to the extent authorized by § 2254, only the Supreme Court of the United States may set aside a judgment entered by a state court." *Lance v. Dennis,* 546 U.S. 459, 465 (2006).

order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus. 512 U.S. 477 at 487. *Heck* "is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen,* 466 F.3d 619, 621 (7th Cir. 2006). An inmate must first seek to set aside his conviction through habeas corpus before initiating a § 1983 action that necessarily calls that conviction into doubt. *Id.* at 487.

In reviewing the complaint the Court must determine whether a judgment in plaintiff's favor would necessarily imply the invalidity of his conviction or sentence. In this case Plaintiff claims that he was wrongfully convicted and requests money damages, reversal of his conviction and expungement of his record. [ECF 1 p. 9]. It is clear that a successful termination of Plaintiff's claim would, of necessity, result in his murder conviction and sentence being invalidated. As a result, Plaintiff's claims are *Heck* barred.

It would appear that Plaintiff's appropriate remedy lies in a habeas corpus proceeding. As Plaintiff is on mandatory supervised release, he likely has habeas relief still available to him. *See Cochran v. Buss,* 381 F.3d 637, 640 (7th Cir. 2004), "It has long been established that 'custody' does not require physical

confinement....[T]he Supreme Court held that a person free on parole was 'in custody' of the parole board for purposes of habeas corpus."; quoting *Jones v. Cunningham,* 371 U.S. 236 (1963). Even if this were not the case, courts have held that "... *Heck* applies where a § 1983 plaintiff *could* have sought collateral relief at an earlier time but declined the opportunity and waited until collateral relief became unavailable before suing. *Burd v. Sessler,* 702 F3d. 429, 433 (7th Cir. 2012).

Plaintiff claims that the defendant prosecutors withheld favorable or exculpatory evidence at the time of trial. A claim under *Brady v. Maryland,* 373 U.S. 83 (1963) is properly brought as a due process claim. *Cherry v. Davis,* No. 12-4070, 2013 WL 1628236 at *2 (N.D. Ill. April 15, 2013). As a result, Plaintiff's *Brady* claim is subject to the *Rooker-Feldman* and *Heck* bars in the same manner as his other § 1983 claims. *See Blunt v. Becker* No. 08-7157, 2010 WL 570489 at *2 (N.D. Ill Feb. 16, 2010), (finding *Heck* bar applied to due process claim based on Brady violation).

The last area of consideration in this case is the applicable statute of limitations. In § 1983 cases, the court is to apply the statute of limitations determined by the law of the state in which

the federal court sits. *O'Sullivan v. Felix,* 233 U.S. 318, 321–22, (1914). "[T]he Supreme Court held that the statute of limitations borrowed from a state for purposes of a section 1983 action must be the one that governs personal injury actions. *Wilson v. Garcia,* 471 U.S. 261, 276, (1985). Illinois provides a two-year statute of limitations for personal injury actions. 735 ILCS 5/13-202. All of Plaintiff's claims are well outside the statute of limitations and subject to dismissal by this court.

The Court may consider the statute of limitations, normally raised as an affirmative defense, if the complaint sets forth the necessary information to show that the statute of limitations has expired. *Davenport v. Dovgin,* No.13-1189, 2013 WL 6044294 (7th Cir. Nov. 15, 2013). "The Seventh Circuit also has consistently reaffirmed that a plaintiff may plead himself out of court by alleging facts that are sufficient to establish a statute-of-limitations defense. See *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 675 (7th Cir. 2009) (dismissal is appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *Andonissamy v. Hewlett–Packard Co.,* 547 F.3d 841, 847 (7th Cir. 2008).

Accordingly, Plaintiff's Complaint is dismissed, with prejudice, for failure to state a claim under Fed.R.Civ.P 12(b)(6) and 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because the allegations of Plaintiff's complaint are barred under *Rooker-Feldman*, *Heck v. Humphrey,* and the Illinois statute of limitations for personal injury actions, 735 ILCS 5/13-202. This case is, therefore, closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2. This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3. Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency formerly having

custody of Plaintiff shall continue to make payments if any funds remain available. If not, it is Plaintiff's responsibility to make monthly payments to the Clerk of Court, until the balance is paid, as directed in the Court's prior order.

4. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

ENTERED: November 7, 2014
FOR THE COURT:

        s/ Sue E. Myerscough
        SUE E. MYERSCOUGH
      UNITED STATES DISTRICT JUDGE